THOMAS P. RICH *vs.* SUSAN D. ROGERS & others.

A testator made the following bequests: " I leave and bequeath unto my sister S. the sum of $15,000 in trust; unto my sister A., for the benefit of herself and her own children, the sum of $25,000 in trust; unto my sister M., for the benefit of herself and her children, the sum of $15,000 in trust." He then directed certain legacies to be paid out of a fund named, and added: " I leave and bequeath the above mentioned fund in whole or in part (as it may cease to be required for the purpose I have allotted to it) in equal parts to each of my sisters, viz: S., A. and her own children, and M. and her children, in trust." And he appointed a person "my trustee for all and singular the various bequests herein contained." *Held*, that A. and M. each took the income of the sum bequeathed in trust for the benefit of herself and her children, for her life, and that the principal, after her death, was to be divided among her children.

HOAR, J. The complainant, a trustee under the will of James C. Rogers, brings this bill in equity to obtain the advice and direction of this court, in the administration of his trust, alleging that he has been requested to pay the income of certain trust funds, held by him under said will, to two of the sisters of the testator, one of whom is his own wife ; but that he is ignorant whether he is bound and obliged to pay it to them, or whether their minor children are entitled to receive any portion of the same. There is no doubt, as was said by the chief justice in giving the opinion of the court in *Treadwell* v. *Cordis*, 5 Gray, 318, " that the equity jurisdiction of this court, given by statute in all cases of trust arising in the settlement of estates, is broad enough to extend to cases where the trustees are actors. and

seek the aid and direction of a court of equity, where there is doubt and difficulty, and where there are conflicting claims on the part of different parties to the same property or rights, under the instrument by which such trust is created."

The sisters of the testator, who are made defendants, appear and demur to the bill for want of equity ; and the minor children, by a guardian *ad litem* appointed by the court, appear and demur in like manner ; and the cause comes before us to be heard upon these demurrers. Upon the hearing, the defendants do not contest the right of the complainant to commence and prosecute the suit, and to obtain the direction of the court for his own guidance and protection ; but the rights of the two married sisters to the income of the trust fund, and the adverse claims of their children, are presented by their respective counsel for the determination of the court.

The testator, by his will, gives the sum of $10,000 for each of his sisters for the purchase of an annuity in the Massachusetts Hospital Life Insurance Company. He provides for some other legacies, which have no bearing upon the questions in this case. The other clauses of the will, upon which those questions arise, are the following : " I leave and bequeath unto my beloved sister, Miss Susan D. Rogers, the sum of fifteen thousand dollars in trust. Unto my beloved sister, Mrs. Ann D. R. Elliot, for the benefit of herself and her own children, the sum of twenty five thousand dollars in trust. Unto my beloved sister, Mrs. Mary N. Rich, for the benefit of herself and her children, the sum of fifteen thousand dollars in trust."

The testator then gives a fund of twenty five thousand dollars, the income of which he bequeaths in trust to pay an annuity of three hundred dollars to each of several female relatives named, so long as they shall remain unmarried ; and in the next clause says : " I leave and bequeath the above mentioned fund in whole or in part, (as it may cease to be required for the purpose I have allotted to it,) in equal parts or portions, to each of my sisters, viz : Miss Susan D. Rogers, Mrs. Ann D. R. Elliot and her own children, and Mrs. Mary N. Rich and her children, in trust."

He then appoints Thomas P. Rich " my trustee for all and singular the various bequests herein contained; " gives him a legacy; bequeaths the residue of his estate, if there should be any, " in equal proportions to my sisters hereinbefore mentioned," and provides that, if the estate should not be sufficient to pay all the legacies, they should abate in equal proportion.

The will is inartificially drawn, and it is not easy to determine with certainty the testator's meaning. The claim on behalf of the minor children is, that they are designated as direct objects of the testator's bounty; that by the phrases, " unto my beloved sister, Mrs. Ann D. R. Elliot, for the benefit of herself and her own children," and " unto my beloved sister, Mrs. Mary N. Rich, for the benefit of herself and her children," he intended to provide that the children should share with their mothers respectively in the enjoyment of the income accruing from the funds left in trust; or that if this is not the just construction, then that the bequest to the mothers is charged with a trust for their children, the extent of which a court of equity will determine and execute.

On behalf of the married sisters it is urged that the bequest is in trust for them exclusively, and that the reference to the children is made only as a statement of the reason and operating motive in the mind of the testator for making the bequest.

In *Pope* v. *Pope*, 10 Sim. 1, it was held that a bequest to the testator's widow, " trusting that she will act justly and properly to and by all our children," did not create a trust for the children ; and that such a trust was not created by the additional expression, " and my reason for so doing is the constant abuse of trustees which I daily witness among men : at the same time trusting she will, from the love she bears to me and our dear children, so husband and take care of what property there may be, for their good."

In *Jubber* v. *Jubber*, 9 Sim. 503, a bequest to the testator's wife, of a sum of money " for her own use and disposal," " also the use of all my property, for the benefit of herself and unmar-

ried children, that they may be comfortably provided for as long as my wife Martha may remain in this life," with remainder over to his children after her death, was held to create a trust for the children who were unmarried at the testator's death, and that they were entitled to share with her equally in the income of the property, except the specific legacy, during her life.

In *Benson* v. *Whittam*, 5 Sim. 22, the words of the will were, " and the residue and remainder of the said dividends to my brother Arthur Benson, to enable him to assist such of the children of my deceased brother Francis Benson, as he, the said Arthur Benson, shall find deserving of encouragement; " and these words were held to make a free gift to Arthur Benson, and not to create any right in the children of Francis. ' Vice Chancellor Shadwell there says : " I am not aware that there is any case where there is a gift to a party, apparently in terms which would make him the taker so as to have a benefit, and words have been connected with it which express the reason for which it was given, in which the court has held that a trust was created."

In *Thorp* v. *Owen*, 2 Hare, 607, a legacy to the wife for her use and benefit, and at her death to be divided equally among the testator's children, followed by the clause, " I give the above devise to my wife, that she may support herself and her children according to her discretion, and for that purpose," was held to vest an absolute estate for life in the wife. The case contains a full and instructive review of the authorities.

Upon a careful examination of these and other English cases, we should have been inclined to the opinion, that if the bequests in the case at bar, of the $25,000 and the $15,000, had stood alone, and had been given directly to the sisters respectively, without the intervention of a trustee, they would have taken them absolutely, and that no interest would have been given to the children by the terms of the will.

On the other hand, if the bequests had been thus directly given, but coupled with the previous bequest of the annuities in which no mention is made of the children, it would have suffi-

ciently indicated the intention of the testator to make a provision for the children.

But there are two circumstances which are entitled to weight, when we seek to ascertain the intent and purpose of the testator, by examining and comparing all the parts and provisions of the will, which would expose either of these conclusions to serious objections. The legacies are given to be held by a trustee; and being so held, are not directly appropriated to the sister and her children, but to her " for the benefit of herself and her children." To hold that the children were entitled to a beneficial interest in common with the mother, would therefore require us to give the same effect to very different language; and to make those take directly from the trustee, whom the will seems to contemplate as only deriving a benefit indirectly through their mother; or, as the other alternative, would oblige us to engraft a trust upon a trust. If, on the contrary, we should adopt the opposite conclusion, and determine that the children took no interest whatever in the property, we should be obliged to disregard the fact, that the testator makes one specific provision for his sisters in the gift of the annuities, without any reference whatever to their children, and in the subsequent bequests carefully mentions the benefit to the children as one which he intended to secure. The phraseology of one clause, in which he speaks of Mrs. Elliot and her own children, and Mrs. Rich and her children, as two of his sisters, is certainly remarkable and peculiar.

In view of these difficulties, and with the necessity that exists to give some reasonable construction to an instrument, the maker of which has shown so little precision in the choice of language to express his meaning, the court are of opinion that neither interpretation would give effect to the intention of the testator, as indicated by the whole will; and that the true construction of these bequests is, that each of the married sisters is to take the income of the sum bequeathed in trust for the benefit of herself and her children, for her life, and that the principal, after her death, is to be divided among her children. The children will thus take by words of limitation, and will take a beneficial interest; the object of the appointment of a trustee will

be made apparent, and be answered ; and the mother, herself a *cestui que trust*, will not be charged with the incongruous duty of a trustee. *Brown* v. *Casamajor*, 4 Ves. 498.

*Decree accordingly.*

*J. A. Loring*, for the plaintiff.

*B. R. Curtis*, for Mrs. Elliot and Mrs. Rich.

*H. P. Curtis*, for their children.